The next matter on our calendar is Larry Marshak v. Rick Sheppard. We'll hear from Appellant Counsel. May it please the Court. Good morning. This is Gregory Preston, the attorney for the Appellant Rick Sheppard. Mr. Sheppard has brought this appeal seeking to vacate a permanent injunction into the favor of Larry Marshak to protect Mr. Marshak's trademark rights to the use However, no longer has that trademark. It was canceled. In fact, it was canceled due to his fraud in procuring the trademark in the first instance. The court below erred in not vacating the judgment. The court could have vacated the judgment on two grounds, under Federal Rule 60b-6, where 60b-3, fraud on the court. Under 60b-6, the reason that justified the relief was that Marshak no longer has the trademark, that the permanent injunction was put into place to protect. The sole basis for the court's decision below, when they first entered the permanent injunction, the sole basis of the court's decision was the presumptively valid trademark. Mr. Preston, this is Judge Lynch. A question about what the actual situation with the trademark is now. Mr. Marshak's trademark was canceled, not because of any violation of the rights of Mr. Sheppard, but because the Treadwell family had a prior trademark. That's what happened in the Third Circuit. But then the Treadwells and Marshak made up, and the Treadwells authorized Marshak to use the trademark. Doesn't that put Marshak back in the position of having superior rights to Mr. Sheppard? Currently, no one has the trademark, and Mr. Marshak currently does not have the right to the trademark. In fact, there's another case that's percolating up to this court, in which there's an issue about Mr. Marshak fighting about the trademark right. Currently, Mr. Marshak, as I understand it, does not have a trademark. As it presently stands, no one actually has the valid trademark to the name The Drifters. That goes back to the issue that we have this permanent injunction of that to protect Mr. Marshak's trademark, and he doesn't, in fact, own the trademark. He didn't own the trademark then because he had procured it by fraud, and subsequently, he doesn't own the trademark. He doesn't currently have a trademark. We have to be a little bit careful. He doesn't own the trademark now because the trademark was canceled, but I've always been puzzled about ... We just have two inconsistent decisions, right? Why do we sort of privilege the New Jersey Third Circuit decision over Judge Pollack's original decision? In this case, as between Marshak and Sheppard, Judge Pollack found that there was no fraud. Now, there's an inconsistent finding in the Third Circuit. That's an unusual situation, but I'm not sure it reflects that, oh, now we know that there was a fraud. Now we know that two courts reached two inconsistent decisions about whether there's a fraud. Your Honor, that's exactly the point. You're absolutely right that that's sort of generally ... That would be the issue, right? The issue would be where we have two inconsistent decisions. The difference here is that not only do we have the Third Circuit decision, but when we have the other step, the trademark office canceled the trademark. That vitiated his trademark. It wasn't just that we ended up with two different decisions, the Third Circuit or the District of New Jersey and the Southern District had this conflict. What happened was once the decision was made by the District of New Jersey and affirmed by the Third Circuit Court of Appeals, the trademark office then took the additional step and voided the trademark. There was an effect that was different than the result of just two inconsistent words. The trademark office canceled the trademark. The trademark or the presumptively valid trademark was the basis for the court's decision. Counselor, this is Judge Walker. There are three possibilities here. There's Marshack, there's Shepard, and there's Treadwell. Marshack's trademark was upheld by Judge Pollack and rejected by the Third Circuit. Shepard was rejected by Judge Pollack. What about Treadwell? Treadwell has the mark, right? There's a dispute as to whether Treadwell even has the trademark at this point. Our issue at this point is that as it relates to Mr. Shepard and Mr. Marshack, we now have a permanent injunction that's in favor of Mr. Marshack who does not have the trademark. We're not fighting the issue of whether Ms. Treadwell has a trademark or whether there are superior rights between Mr. Treadwell and Mr. Shepard because there's a dispute about whether she even has a valid trademark at this point. The issue is that the permanent injunction was put into place solely to support Marshack's trademark. If that trademark right has been voided by the Patent and Trademark Office because of his fraud, why would we continue to have an injunction in place that supports a trademark he does not own any longer? That's the issue. The court below erred in not giving a court any significance to the fact that there was this finding by the Third Circuit that then resulted in the Patent and Trademark Office canceling the trademark. If he doesn't have a trademark, why would we continue to have an injunction in place that supports a trademark he doesn't own? What's the relief you're seeking here? You're seeking an affirmance of a denial of the mark, a lifting of the injunction? Is that what you're after? The relief that we're seeking here is that the permanent injunction issued by Judge Pollack based upon the presumptively valid trademark that's been voided, that injunction should also be voided. That injunction should also be vitiated as well. When was it voided in 1999 when the New Jersey court acted or was there a subsequent action? The court issued his order and then there was a subsequent action to the proceedings in the district court in which the Patent and Trademark Office voided the trademark. I don't know this in my appendix, but there was a subsequent action by the Patent and Trademark Office that voided the trademark as a result of the proceedings before the District of New Jersey. Can you tell us when that occurred? It occurred sometime after that case in 1999, so it may have occurred at some time in 2000 or 2001. I can't tell you right this... I'm sorry, Your Honor. Now we have a gap. We have you coming in for this relief in 2018 after this action was taken around 2001 and all Judge Kotal did, I think, was just say this is untimely. I think in Judge Kotal taking that position under the first part of it, it sort of elevates form of a substance. Again, if you leave the injunction in place to protect a trademark that the person doesn't have, who is hurt by that? Mr. Sheppard is hurt by it. Mr. Marshak doesn't own the trademark. I understand that. Listen, hindsight being 2020, I wasn't involved in the case years ago. Certainly hindsight being 2020, even from an attorney's perspective, you would have hoped that this would have been resolved a lot sooner. This is sort of where we are today. Where we are today is we have an injunction that seeks to protect a right, a trademark right, that the person no longer has. Put it another way, Mr. Preston, this is Judge Lynch. What you're saying is Mr. Marshak is certainly not prejudiced by the delay here because he got to have his injunction for all those years. The only thing that will happen if the injunction is vacated is he loses a right that he hasn't had or shouldn't have had for all those intervening years after the trademark was canceled. Is that your point? Absolutely. Again, that's exactly my point. The point is that I believe that if we're just looking at the timing, that really elevates the form over the substance. Is the timing the issue or is it that there's an injunction in place that's affecting someone's right that shouldn't be in place? If we go to the second part of the argument, fraud upon the court, that eliminates the time on this issue because I think there's a fair argument under 16d3 that there was a fraud upon the court, just like the Supreme Court case of Hazel, where the court found that notwithstanding that there was a time gap, that if they found that there was a fraud upon the court, that they would vacate the judgment. Where's the fraud on the versus Atlas case? What happened in that case was someone fraudulently obtained a patent by making fraudulent representations and doing fraudulent things before the patent and trademark office. As a result of having that patent, they went in and got a judgment. It was later determined that there was their fraud in obtaining the patent. The Supreme Court said that that was the type of situation that was a fraud upon the court because of the fraudulent representations at the patent office, it undermined the judicial system. I should say that with regard to... Weren't they making the same arguments that they made to the patent office that were fraudulent? Weren't they making those same arguments to the court? They were. I believe they were, but it wasn't... Does that distinguish it from this case? Well, no. Okay. Well, I'm sorry, Your Honor. Go ahead. I was going to say it doesn't distinguish it from this case because Mr. Shepherd did make the argument of fraud at the trial. He just didn't have the evidence at the time. He wasn't in the best position to make the fraud argument. Because Ms. Treadwell was in a better position to make the fraud argument and to establish the fraud argument. Mr. Shepherd did make the fraud argument at the trial. He just didn't have the evidence to prove it. Just like in the Hazel case where there was a discussion of... There was a question of fraud. There wasn't enough evidence at the time of the trial. So a judgment wasn't... When it was later discovered that there was evidence to establish the fraud, the court went back and says, listen, notwithstanding that there's been time and notwithstanding there should be finality, at the end of the day, we cannot let a judgment procured by fraud stand. And that's what we have here. And let me just say, Your Honor, that it's not just Mr. Shepherd complaining about Mr. Marshak's fraud. Mr. Marshak has raised this fraud in several different cases. He raised the... He attempted to perpetuate the fraud in the District of New Jersey, which they found out. He had another case in Marshak versus Pinkney where he again tried to perpetuate the fraud. There's a case that's bubbling up to this court. It's called Marshak versus the original Drifters, in which again, the issue of his fraud has come up. Time and time again, Mr. Marshak has relied upon the fraudulent procurement of this trademark and going to the court and seeking the court's redress and asking them to... One of the problems I think that you have, and you can correct me on this, is that Judge Kotal also said that your client had he violated the injunction. The injunction was out there and it may have been fraudulently obtained or not, but it was still in place. And so an injunction in effect is a court order, and he's violating... Your client is violating the court order. And therefore, you have unclean hands. And the correct remedy, presumably, would be to go back and get the injunction changed. You're trying to do that now. But in the meantime, between the time the injunction should have been changed or could have been changed earlier and now, you violated it. And so therefore, your hands are clean. And therefore, he decided no relief for you. And your Honor, certainly, I was not involved back then. And certainly, looking back on a 2020 hindsight, I would... And when my client came to, I said, well, listen, this is going to be an issue, the fact that it hasn't been addressed previously. My client says, well, we were performing. It wasn't an issue. We were... Until more recently, where he's been interfering... Mr. Marsha has been interfering with our ability to perform. So I can't come to the court and say that my client did not do things that were a contravention of the injunction, which is why we're here. My client is here today to write a wrong to address an issue that should have been addressed previously, and he didn't. And it's unfortunate. But if we balance the equities here, if we say, listen, I understand coming to a court of equity and the clean hands argument. But when you balance the equities here, when you say, listen, what did Mr. Shepherd do? He performed to try to make a living, and he performed notwithstanding that there was this injunction in place that was fraudulently obtained. Really, I mean, if you balance the equities here, really, who's more at fault? Who has the dirtier hands than Mr. Marsha who engaged in a fraud, who's engaged in a court for 30 years, and who's been perpetually disfraud through several different cases? So when you balance the equities at the end of the day, my client was just trying to earn a living, and he did that notwithstanding that there was an injunction in to address that. He's here today to now sort of say, listen, this injunction should have been in place all this time. We made the steps to now try to vacate that injunction. It was a fraud upon the court. Yes, Your Honor. That's expired. You've reserved three minutes for rebuttal. We will hear from Larry Marshak. Thank you, Your Honors. May it please the court. My name is Eric Summers. I want to set aside for the moment the issue of the fact that this is an untimely motion which Judge Kodal found, which I think is fatal to the case, but I'd like to focus on the claim that there's extraordinary circumstances, which is what he's alleged, what Mr. Shepard has alleged, that work in extreme and undue hardship that results in him needing to vacate this injunction. Now, he waited 30 years to do this, but he can't, you know, the court actually raised the question, which I think was a good one, is what's the prejudice? And why did he wait? And the fact is, maybe there is no harm. But the problem is Mr. Shepard, who's been enjoined from this for 30 years, in fact, hasn't shown that he's harmed by the injunction remaining in place, which is a final decision that they reached a long time ago. And I point you to the employment agreement that he signed in 1966, at Appendix A, 78 to 82, in which he admits that he doesn't have any rights to use the name in the first instance. So what he's trying to do right now, without showing, but by picking one opinion from 1999, and saying, okay, because New Jersey jury found that this was a fraud fraudulently obtained, now Judge Pollack's decision was wrong, even though he litigated that issue here. And so by the way, I'm entitled to use a name that I don't have any rights to, and that I've admitted, and I signed away in 1966, that I didn't have any rights to use. And somehow, because that's an undue hardship for me not to be able to use a name that I don't own. Well, Mr. Summers, Mr. Summers, this is Judge Lynch. I did not take the decision of Judge Kodal to be based on a 1966 contract. Am I wrong in thinking that this injunction was based entirely on Mr. Marshak's ownership of a trademark? Yes, it was based on the fact that as between the two parties at the time, it found that Mr. Marshak had rights to use the name and Shepard did not. And that was based on the trademark. That's why he had the right. That's correct. Yeah. I understand that Rule 60 is a rather extraordinary remedy in most cases, because in many cases, what somebody is coming back and doing, and maybe there's an argument that the defendant here, the move-in, is trying to reverse the factual findings or something like that of the district court. But this is an equitable situation, right? This is an injunction. And it would seem to me that it is not uncommon that a party can come back and say, under changed circumstances, we should revisit the injunction and see whether it's still just to apply it. Why isn't that a perfectly reasonable thing to do, even belatedly? Well, first of all, it should have been done, as I pointed out, it should have been done as soon as he found out about it, not waiting another 20 years or 18 years after. Well, let me be very blunt. Mr. Marshak, and forget for this purpose, any argument about whether he committed a fraud on the court or on the patent trademark officer or anybody else, he is the beneficiary of an injunction that is based on a trademark that has now been canceled. Why should we continue to enjoin the movement from using a mark that somebody else doesn't own, that the person who wants to keep them from using it doesn't own at the end of the day anyway? Isn't that just a no-brainer? It doesn't exist anymore. I think this is Mr. Preston's argument. So why should the court continue to enforce an injunction where circumstances have changed? Well, again, and that's a good question. The issue is he's picking and choosing. So he's been vacated. It's just a registered trademark, but it still doesn't deal with all the other facts that he's recited about maybe somebody doesn't have the trademark. This is still being litigated. So we're really reopening the case to relitigating rights between the two parties vis-a-vis each other. At this point, trademarks not only based on being able to use and being on a registered mark, but also based on common law rights, based on being able to have agreements and contracts to use rights, et cetera. And what he's really doing is just picking the one decision that he wants to use from 20 years ago and saying, as a result of that, now I can vacate a prior decision without actually reestablishing who has superior rights. He's really trying to reopen the by saying this decision at a point in time found this, it vacated the, or it resulted in a cancellation. And as a result of that cancellation 20 years ago, I don't have to follow this injunction anymore. Judge Walker here. Is it your point that simply because the mark had been canceled by the Patent and Trademark Office, that doesn't affect the common law mark and the registered trademark really is just adds rights. It doesn't constitute all of the rights to the trademark. Trademark has its common law rights independently of whatever the registration does, which, you know, it's incontestability and various other aspects of being registered, give you an advantage if you have a mark, but you've got to, but you can, you can exercise your right to that mark independently of any registration. That's correct. And you can, you can do it based exactly. The trademark registration is one aspect of, of trademark rights. If you can have rights via contract, you can have rights via licenses. You can have lots of, you can acquire rights through use, et cetera. And what you can't come back after 30 years and try to relitigate a case by just picking one decision and saying, because of that one decision that I want to use, now you have to give me all the relief that I couldn't get when I, when I actually litigated these issues 30 years ago. And I think that's, that's really the point here. And I think Judge Kotal said it in spades when he said, really, what this is, is just an attempt to relitigate it, a case that was decided and, you know, 30 years ago. And there, it's not form over substance. There's reasons why we have time limits. There's reasons why the courts impose timeliness requirements. And that is, there's a balance here between finality of judgments and, you know, and the opportunity for equitable relief. And, you know, that's where that balance is. And, you know, had, I can understand if it had been six months or, you know, a year, and the case law sort of encompasses some timeframes, but this is a really long time to wait for doing this. And it's a really long time to wait to say, I should be able to do this because I've been doing, I've been violating this injunction all along. And now somebody is saying, hey, wait a minute, you know, you shouldn't be doing that. And I want to be able to violate this injunction or to use these rights that I don't have. And so now I need to go back to court. I think that's a wrong headed argument. And that's not the kind of, you shouldn't be encouraging people to violate injunctions. And then when they get caught or when they've been doing that for a while, I'll come back and say, oh, by the way, I really need this vacated now. Does that conclude your argument counsel? Yeah. I mean, I think, I guess I wanted to focus a little bit. I think Judge Codall sort of addressed all the main issues and I just wanted to go back. What I've heard in this argument is essentially rehashing the same arguments. But I, again, I go to the, under rules, under the Rule 60B review, and certainly, I mean, I can address the Rule 60D, but I think Judge Codall addressed that very clearly. This just isn't a fraud on the court case under 60D. The case law is very clear. I've outlined that in my brief and I stand by that. But I think the, you know, there's no, there's been no evidence and no argument, really, that Judge Codall actually abused his discretion in the order down below. He didn't make an error of law. He cited the law correctly. He didn't make any errors in factual findings. There's nothing impermissible about what Judge Codall did. And in fact, he saw the case for what it was. And I think for that reason, the case should be affirmed. Thank you, counsel. Thank you. The appellant has retained three minutes for rebuttal. Thank you, Your Honor. Just very quickly, this is not just one decision. This is not, again, about competing decisions. It's about, certainly, two different courts came to a different conclusion. But as a result of the decision, the Patent and Trademark Office canceled the trademark. And at the end of the day, that's the issue. If he doesn't have a trademark, why are we continuing the injunction in place for a trademark he doesn't have or does not own? As it relates to the common law issue, that's all fine and good that he can have an argument about whether he has a common law right to the use of the trademark. But Judge Pollack's decision is very clear. The sole basis for his decision is the presumptive validity of the trademark. If we now determine that that presumptively valid trademark is invalid because it was based on fraud, then that foundation, the foundation of the decision, crumbles. And as a result of that decision crumbling that foundation, it should also crumble this permanent injunction. And just one last point. Again, this whole issue about whether it's fraud, one court finding fraud versus another court finding fraud, we would have a similar issue if 10 years ago, Mr. Marshak said, you know what? I'm abandoning the trademark. I'm not going to use it. I'm just going to abandon use. I'm not going to pay the re-registration fee. And he decides to abandon it. We'd be in the same position now where we'd say, listen, if he abandoned the trademark, why don't we continue to enforce the judgment? And the only point I'm making there is that the fraud is an issue and the fact that one court found fraud and another court didn't find fraud. But at the end of the day, the bottom line is Mr. Marshak no longer owns a trademark. And it's unfair, it's inequitable, and unjust to continue a permanent injunction in place to protect a trademark that he does not have. Thank you, Your Honors, for your attention this morning. Thank you. Thank you both for reserved decisions.